# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikon Corporation, | No. MC-17-00035-PHX-JJT |
|         Petitioner, | **ORDER** |
| v. | |
| ASML US Incorporated, | |
|         Respondent. | |

At issue is Petitioner Nikon Corporation's ("Nikon") Application for an Order Directing ASML US, Inc. to Respond to Requests for Documents Pursuant to 28 U.S.C. § 1782 (Appl., Doc. 1), to which Respondent ASML US, Inc. ("ASML US") filed a Response (Resp., Doc. 22), and in support of which Nikon filed a Reply (Reply, Doc. 23). Pursuant to LRCiv 7.2(f), the Court concludes this matter is suitable for resolution without oral argument. Accordingly, the Court grants in part and denies in part Petitioner's Application.

## I.     BACKGROUND

The application before the Court seeks the production of documents for use in European and Asian litigation concerning the alleged patent infringement of microlithography systems. (Appl. 2–3.) The systems at issue are critical to the manufacture of integrated circuit chips, as this equipment is capable of printing the small and precise circuit patterns that comprise the modern semiconductor chip. (Schuster Decl. ¶ 11, Doc. 22-3.) As technology has improved, microlithography systems have enabled

the shrinking size of circuit chips, making possible many of the products considered indispensable to 21st-century life. (Appl. 2; Schuster Decl. ¶ 11.) Given the importance of the technology to the electronics industry, it is unsurprising that these systems are the subject of frequent international patent litigation.

The parties before the Court are familiar faces in that industry. Nikon is an international manufacturer of microlithography systems, holding nearly a dozen patents in both Europe and Japan. (Appl. 2–3; Londen Decl. ¶ 4, Doc. 1-6.) To protect these patents, Nikon has initiated legal proceedings in the Netherlands and Japan against ASML Holding, N.V. ("ASML NV")—a Dutch entity that manufactures microlithography systems. (Appl. 1.) Similarly, Nikon has filed suit in Germany against Carl Zeiss SMT GmbH ("Zeiss"), which supplies optical components to ASML NV. Nikon's current application, however, requests production by an indirect subsidiary of ASML NV, ASML US, which is incorporated in Delaware and maintains its principal place of business in Chandler, Arizona. (London Decl. ¶¶ 7–8.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1782, a district court may, upon application, order the production of documents for use in legal proceedings abroad. A petitioner for discovery must, however, satisfy three statutory requirements before a district court can grant the request. First, the person from whom discovery is sought must "reside" or "be found" in the district. 28 U.S.C. § 1782(a). Next, the discovery must be "for use" in a proceeding in a foreign tribunal. *Id.* Finally, the applicant must be either the foreign tribunal or an "interested person" in the litigation. *Id.*

Even if a petitioner satisfies these conditions, a court may still exercise its discretion in determining whether to grant or deny a Section 1782 application. As such, courts may give consideration to the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the nature of the foreign tribunal, the character of the proceedings underway, and the receptivity of the court to U.S federal-court assistance; (3) whether the Section 1782 request "conceals an

attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). Additionally, the court may consider "whether the requested materials are located outside the United States." *Salcido-Romo v. S. Copper Corp.*, No. CV-16-01639-PHX-DLR, 2016 WL 3213212, at *1 (D. Ariz. June 10, 2016) (citing *Four Pillars Enter. Co., v. Avery Dennison Corp.*, 308 F.3d 1075, 1079–80 (9th Cir. 2002)).

## III. APPLICATION

### A. Statutory Requirements

Nikon satisfies the statutory requirements imposed by Section 1782. First, ASML US maintains its principal place of business in Chandler, Arizona, which is located within the District. (Londen Decl. ¶¶ 7-8.) As such, it is "found" within the District of Arizona. Further, as a party to the ongoing litigation in the Netherlands, Germany, and Japan, Nikon qualifies under the statute as an "interested party." *See Intel*, 542 U.S. at 256. Finally, Nikon has met its burden to show that the documents sought are "for use." To the extent that ASML contests this final requirement, its concerns that Nikon is merely engaging in a "fishing expedition" are more appropriate for evaluation in Section 1782's discretionary considerations.

### B. Discretionary Factors

#### 1. Participant in the Foreign Proceeding

Under *Intel*'s first discretionary factor, courts consider whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. When the party from whom discovery is sought is a participant in that proceeding, the need for discovery under Section 1782 "is not as apparent as . . . when evidence is sought from a nonparticipant" because the foreign court "has jurisdiction . . . and can itself order them to produce evidence." *Id.* As such, Section 1782 discovery proves particularly useful for evidence "available in the United States, [that] may be unobtainable absent § 1782(a) aid." *Id.* In contrast, when a petitioner seeks documents

under Section 1782 that are actually "within the foreign tribunal's jurisdiction reach," courts routinely weigh the first *Intel* factor in favor of denying the application for discovery. *See, e.g.*, *In re Kreke Immobilien KG*, No. 13 Misc. 110(NRB), 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013); *In re Astronics Advanced Elec. Sys.*, No. C12-0776-JCC, 2012 WL 12874764, at *2 (W.D. Wash. Sept. 19, 2012), *aff'd*, 561 F. App'x 605 (9th Cir. 2014); *In re LG Elecs. Deutschland GmbH*, No. 12cv1197-LAB (MDD), 2012 WL 1836283, at *2 (S.D. Cal. May 21, 2012); *In re OOO Promnefstreoy*, Misc. No. M 19-99(RJS), 2009 WL 3335608, at *5 (S.D.N.Y. Oct. 15, 2009).

Although Nikon's subpoena names an entity—ASML US—that is not involved in litigation abroad, Nikon's discovery requests also target documents under the control of Respondent's parent, ASML NV, which itself *is* a party to those proceedings. Indeed, Nikon's discovery proposal seeks not only those documents under the control of ASML US, but also those controlled by "all its predecessors, successors, parents, subsidiaries and affiliates." (Appl. Exh. A, Doc. 1-1.) This inherently encompasses both documents stored in the Netherlands by ASML NV—a Dutch entity—and those stored stateside by ASML US. As such, this weighs against granting Nikon's application insofar as it seeks the documents stored in the Netherlands.

Petitioner's arguments to the contrary are not persuasive. Rather than focusing on the jurisdiction of the foreign courts to reach the documents in question, Nikon only contends that the courts of the Netherlands, Germany, and Japan are "unlikely to provide any meaningful discovery." (Appl. 6.) With respect to the courts of the Netherlands, Nikon points to the procedural hurdles that a party must go through to obtain discovery and to the Dutch courts' tendency to deny discovery requests even when a party complies with its procedural requirement. (Appl. 6.) Nikon's discussion of the German and Japanese courts focuses on the same issue: "the limitations of . . . procedural rules." (Appl. 8.) This line of argument misses the crux of the first *Intel* factor. The appropriate inquiry is not about likely "availability" of discovery in a foreign court, but rather about that court's jurisdiction to access the documents. *See Intel*, 542 U.S. at 264. At no point

does Nikon suggest that these courts do not have the jurisdiction to reach the documents listed in the subpoena. (*See* Appl. 5–8; Reply 2–3.) Accordingly, the Court weighs the first *Intel* factor against granting the entirety of Nikon's request.

### 2. Receptivity of Foreign Courts to Evidence

The second *Intel* factor tasks the Court with considering how receptive foreign courts are to receiving evidence obtained through Section 1728 discovery. When the parties do not produce evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery. *See In re Kreke*, 2013 WL 5966916, at *5. As Petitioner has shown—and Respondent has not contested—all three foreign courts appear to be receptive to evidence obtained through Section 1782. (Haedicke Decl. ¶¶ 11-13, Doc. 1-3; Heemskerk Decl. ¶¶ 20–25, Doc. 1-3; Kobayashi Decl. ¶ 12, Doc. 1-4.) Accordingly, the second *Intel* factor weighs in favor of granting discovery.

### 3. Circumvention of Foreign Policies

Turning to the third *Intel* factor, courts may examine whether the application request "conceals an attempt to circumvent foreign proof gathering restrictions or other policies." *Intel*, 542 at 265. In analyzing this factor, courts in the Ninth Circuit have rejected a "quasi-exhaustion" requirement for discovery under Section 1782, *see, e.g.*, *In re O'Keeffe*, No. 2:14-cv-01518-RFB-CWH, 2015 WL 1308546, at *4–5 (D. Nev. Mar. 24, 2015); *In re Cathode Ray Tube Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013); however, "[a] perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782" may . . . be a factor in the analysis, *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 116158, at *5 (N.D. Cal. Mar. 24, 2016).

In opposing Nikon's discovery request, ASML US again focuses on the actual location of the documents described in the subpoena, noting that most of documents at issue are located in the Netherlands. (Resp. 11–12.) Although the Court agrees that Nikon's use of Section 1782—rather than foreign discovery procedures—to get at

documents stored abroad suggests an attempt to side-step the burdens of those procedures, (Resp. 12–13), that alone is not enough to weigh this factor against the Petitioner. Indeed, ASML US has not pointed to any particular policy or restriction that would be usurped by granting at least some discovery in this matter. This Court finds instructive the distinction drawn between attempts to bypass "technical requirements" and attempts to bypass "foreign proof-gathering restrictions" by the court in *Siemens AG v. Western Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013). Although Nikon's attempt to get at ASML's documents through this Court surely is an attempt to bypass the "technical requirements" of foreign discovery, this Court does not find that Nikon's conduct rises to the level of an attempt to bypass "foreign proof-gathering restrictions." *See Siemens AG*, 2013 WL 5947973, at *3. Accordingly, this factor neither weighs for nor against granting Nikon's discovery request.

### 4. Burden on the Party

Finally, under the fourth *Intel* factor, a court may reject or trim a discovery request that is "unduly intrusive or burdensome." *Intel*, 542 at 265. "When the information sought is equally available through the foreign proceeding," courts are more likely to determine that a request for that information in the United States "unduly burdensome." *See In re Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103, at *9 (D. Nev. May 28, 2015).

As noted previously, Nikon's proposed subpoena reaches not only those documents that are under the control of ASML US and located in the United States, but also documents held and stored in the Netherlands, electronically or otherwise, by ASML NV. Further, as ASML US notes, the scope of Nikon's proposed subpoena is vast, encompassing all documents related to a dozen ASML products. (Resp. 16; Appl. Exh. A 3–15.) As such, the Court agrees that permitting discovery as proposed by Nikon would constitute an undue burden on ASML US. Accordingly, the fourth *Intel* factor weighs in favor of trimming Nikon's discovery requests.

## IV. CONCLUSION

A careful balancing of the *Intel* factors weighs against granting Nikon's application in its entirety, as the request would force ASML US to produce a vast array of documents that ASML NV controls and over which the courts of the Netherlands have jurisdiction. Rather than deny the Application in full, however, the Court exercises its discretion to trim the discovery request to a more appropriate scope. The Court will grant Petitioner's application only to the extent that it seeks documents that are possessed, controlled or stored by ASML US in the United States. This expressly does not extend to any electronically stored information ("ESI") that may be stored on servers in the Netherlands, even if remotely accessible by ASML US employees. Any such information is equally accessible by ASML NV and is within the jurisdiction of Dutch courts. As such, the *Intel* factors weigh against granting production of that information by ASML US.

**IT IS THEREFORE ORDERED** granting in part and denying in part Petitioner Nikon's Application for an Order Directing ASML US, Inc. to Respond to Requests for Documents Pursuant to 28 U.S.C. § 1782.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, within ten (10) days of the date of this Order, submit to the Court a joint proposed Document Production Schedule that is territorially limited as set forth above and that provides for the production of responsive United States-resident ESI consistent with this Order.

Dated this 12th day of September, 2017.

Honorable John J. Tuchi
United States District Judge