David B. Rosenbaum, AZ Bar No. 009819
Eric M. Fraser, AZ Bar No. 027241
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
efraser@omlaw.com

Jack W. Londen, AZ Bar No. 006053
(*Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
(415) 268-7000
JLonden@mofo.com

J. Alexander Lawrence (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 W 55th St.
New York, NY 10019
(212) 468-8000
ALawrence@mofo.com

*Attorneys for Petitioner Nikon Corporation*

George C. Chen, 019704
George.chen@bryancave.com
Jacob A. Maskovich, 021920
jamaskovich@bryancave.com
BRYAN CAVE LLP, 00145700
Two N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4406
Tel: (602) 364-7000 / Fax: (602) 364-7070

James M. Dowd (*Pro Hac Vice*)
James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300 / Fax: (213) 443-5400

*Attorneys for Respondent ASML US, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| *In re*: Application Pursuant to 28 U.S.C. § 1782 of Nikon Corporation,<br><br>Petitioner,<br><br>- To take discovery of -<br><br>ASML US, Inc.,<br><br>Respondent. | Case No.: 2:17-mc-00035-JJT<br><br>**JOINT PROPOSED DOCUMENT PRODUCTION SCHEDULE** |

The parties hereby submit this joint proposed Document Production Schedule, pursuant to the Court's Order of September 12, 2017 ("Order", Dkt. No. 25). The parties are unable to agree on a production schedule and thus state their respective positions below:

**I.   NIKON'S POSITION**

Nikon is facing evidentiary deadlines in the foreign proceedings for which the Court permitted discovery. The first such deadline arises in two of those proceedings in

January 2018 (*i.e.*, January 12 and 17).  Thus, it is Nikon's position that the production should be commenced within forty-five days of the date of the Court's September 12, 2017 Order granting Nikon's Application (*i.e.*, October 27, 2017), with full completion of the production within thirty-five days thereafter (*i.e.*, December 1, 2017).  That production schedule will permit Nikon time to review the material produced and address any questions with ASML US about the adequacy of the production prior to the January 2018 evidentiary deadlines.

As recognized by Magistrate Judge Van Keulen in *Nikon Corp. v. GlobalFoundries U.S. Inc.*, No. 17-mc-80071-SVK, Dkt. No. 24 (N.D. Cal. Aug. 15, 2017), any production schedule by which ASML US seeks to identify and stage productions based on its view of the relevance to particular foreign proceedings will only result in unnecessary disputes. *See id.* (Aug. 15, 2017 Tr.) at 38 ("Returning to Global Foundries' proposed conditions in its brief.  One was that it wanted to structure a response to tie it to the timing of the actions.  I believe it referred specifically to the Netherlands, and I think that that would only encourage further argument over which documents are teed up first, second, and third and so forth. So I think that the parties should proceed in terms of negotiating the scope of production, start a rolling production, and move along and produce the documents in a timely fashion. I would suggest that this production would appear to be able to be completed in 45 days.")

**II.     ASML US'S POSITION**

ASML US has proposed to Nikon that it will serve Nikon with written objections by October 6, will meet and confer regarding those objections by October 13, will make its first production of responsive documents to Nikon by November 10, and will continue making productions on a rolling basis thereafter.  Furthermore, to help alleviate Nikon's concerns about pending deadlines in the underlying proceedings, ASML US has offered to work with Nikon to identify those requests that pertain to those foreign actions in which Nikon has its earliest filing deadlines, and focus its collection and review accordingly.

Nikon has rejected ASML US's proposal and cites to the proceedings it has filed

1  against GlobalFoundries as supporting its position. However, that comparison is
2  misleading, as Nikon argued to the Northern District of California that it "has propounded
3  significantly more limited requests [against GlobalFoundries] than against ASML US."
4  *Nikon Corp. v. GlobalFoundries U.S. Inc.*, No. 17-mc-80071-SVK, Dkt. No. 36 (N.D.
5  Cal. Sept. 11, 2017), at *23. In addition, while Nikon cites the Magistrate Judge's
6  comment during oral argument, today the district court granted GlobalFoundries's request
7  for an Interim stay, while addressing the same deadlines that Nikon cites here.
8  Specifically, Judge Freeman stated: "Nikon asserts that any delay in production would
9  jeopardize its ability to meet January 2018 deadlines in the Netherlands and Germany.
10 While the Court is sympathetic to Nikon's obligations in other fora, Nikon is the entity
11 seeking to impose its legal disputes on a third party who wants no part of them." *Id*., Dkt.
12 46 (N.D. Cal. Sept. 22, 2017), at *5.
13      As ASML US has previously indicated, personnel at ASML US do not have the
14 subject matter expertise to locate and identify materials potentially responsive to Nikon's
15 requests. It is therefore anticipated that it will be necessary for employees of ASML NV
16 in the Netherlands to identify any responsive documents, making Nikon's proposed
17 document schedule impracticable.

19      JOINTLY SUBMITTED this 22nd day of September, 2017.

20                                      MORRISON & FOERSTER LLP
21                                      By:  */s/ J. Alexander Lawrence*
                                             J. ALEXANDER LAWRENCE
22
                                        Attorneys for Petitioner Nikon Corporation
23

25                                      WILMER CUTLER PICKERING HALE AND
                                        DORR LLP
26                                      By:  */s/ Gregory H. Lantier* (with permission)
                                             GREGORY H. LANTIER
27
                                        Attorneys for Respondent ASML US, Inc.
28

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 22, 2017, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                            /s/ Robin Sexton